UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA'RON MARSHALL,

individual,

        Plaintiff,

                                              Case No.: 1:22-CV-

FRANCISCO ROSADO,

Individually,

and

NICK HAMILTON,

Individually,

        Defendants.

| William F. Piper (P38636)<br>WILLIAM F. PIPER, PLC<br>Attorney for Plaintiff<br>1611 W. Centre Street, Ste. 209<br>Portage, MI 49024<br>(269) 321-5008<br>(269) 321-5009 (facsimile)<br>wpiper@wpiperlaw.com | |

**COMPLAINT**

       The plaintiff, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1. The plaintiff La' Ron Marshall is an African American man who resides in the city of Battle Creek, State of Michigan, and he resided therein at all times relevant to this complaint.

2. The defendants are white men who at all times relevant to this complaint were deputies with the Calhoun County Sheriff's Department.

3. The events complained of occurred on January 2, 2021 in the Township of Springfield, County of Calhoun, State of Michigan.

4. The events complained of were committed under color of state law but not under a legitimate exercise of governmental authority.

5. Jurisdiction of this court arises under 28 USC § 1331 and 28 USC §1337.

6. The claims in this case arise under 42 USC § 1983.

7. Certain of the claims alleged herein arise under this court's supplemental jurisdiction to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

## **COMMON ALLEGATIONS**

8. The plaintiff restates and realleges as though set fully set forth herein paragraphs 1-7 of this complaint.

9. On January 2, 2021, along with two children, Mr. Marshall approached his neighbor's home in his Wyndtree townhouses community to attempt to gather a signature from her in order to establish a tenants association.

10. The defendants Frank Rosado and Nick Hamilton then approached Mr. Marshall, and, after an alarmed Mr. Marshal asked them what law he had allegedly broken, they indicated that he was soliciting without a permit.

11. Mr. Marshall was not soliciting money at all, and in fact he told them that he was only gathering signatures.

12. Even if Mr. Marshall had been soliciting money, he was not acting illegally, as there is no permit or other requirement for soliciting in the Township of Springfield.

13. The defendants had no actual evidence that Mr. Marshall had been soliciting.

14. The defendant Rosado also demanded that Mr. Marshall talk to him and provide him his identification.

15. The defendant Rosado told Mr. Marshall that if he did not comply with his demands to talk to him and provide him his identification he would take him to jail, even though Mr. Marshall had no duty to talk to him or provide him with his identification.

16. Mr. Marshall, confused, did not provide the defendants with his identification.

17. The defendants then arrested and handcuffed Mr. Marshall.

18. The defendants then took Mr. Marshall to Deputy Rosado's patrol vehicle, and they continued to demand that Mr. Marshall provide them with his identification.

19. The defendant Rosado than searched Mr. Marshall's jacket and pants pockets and found his identification.

20. The defendants forcibly and unnecessarily shoved the unresisting Mr. Marshall into the back of his police cruiser, and they then slammed the car door on Mr. Marshall's feet twice, and  they  bruised his head, legs, and wrists.

21. The defendants then drove away, leaving the children whom had been with Mr. Marshall behind at the scene in cold weather, causing Mr. Marshall additional stress and worry.

22. The defendants placed Mr. Marshall in a cell for over 24 hours with an inmate who was being quarantined for COVID-19, even though Mr. Marshall is a vulnerable individual with an autoimmune disease.

23. The defendants then had Mr. Marshall charged with resisting and obstructing a police officer, and they falsely accused Mr. Marshall of carrying a gun.

24. Mr. Marshall, as a result of the arrest, had swollen wrists from the handcuffing, and he had to have six weeks of physical therapy on his wrists.

25. After the defendants arrested Mr. Marshall they charged him with a felony of resisting and obstructing a police officer.

26. About a week later the charges against Mr. Marshall were dropped.

27. As a result of the incidents described above the plaintiff has suffered and will continue to suffer shock, humiliation, embarrassment, fear, emotional distress, trouble finding employment, economic losses, worry about his children, physical pain, physical injuries, inconvenience, anger, a loss of enjoyment of life, a loss of self esteem and other damages.

## COUNT I – FOURTH AMENDMENT VIOLATIONS – UNCONSTITUTIONAL ARREST, SEARCH,  EXCESSIVE FORCE AND MALICIOUS PROSECUTION– 42 USC § 1983

28. The plaintiff restates and realleges as though set fully set forth herein paragraphs 1-27 of this complaint.

29. It was clearly established on January 2, 2021 that a police officer cannot arrest an individual without probable cause that the individual had committed a crime.

30. It was also clearly established on January 2, 2021 that a police officer cannot arrest an individual for conduct that is not a violation of the law.

31. The defendants arrested Mr. Marshall on January 2, 2021 for soliciting without a permit, and for resisting and obstructing a police officer for refusing to show them his identification upon demand, even though soliciting without a permit and refusing to show identification upon demand while on foot in a neighborhood is not a violation of any law or ordinance.

32. The law is clearly established that an officer cannot use force to detain a citizen when there are no grounds to do so.  The law is also clearly established that an officer cannot use excessive force against a citizen during an arrest even if the arrest was legal, and in this case the arrest was not legal.

33. It is clearly established that a police officer cannot bring or influence a prosecutor to bring a prosecution against a private citizen without probable cause without violating the Fourth and Fourteenth Amendments to the constitution of the United States.

34. It is also clearly established that an officer must intervene to stop the clearly unconstitutional acts of another officer in his presence.

35. The defendants could not reasonably have believed that their actions described above were within the constitutional limitations on the exercise of their authority under the Fourth and Fourteenth Amendments to the constitution of the United States.

36. The defendants' conduct violated the clearly established rights of Mr. Marshall described above.

37. As a result of the unconstitutional acts described above, Mr. Marshall has suffered and will continue to suffer the damages set forth above.

38. These claims are actionable under 42 USC § 1983.

**WHEREFORE** the plaintiff La' Ron Marshall requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages plus punitive damages, all recoverable interest, costs, attorneys fees, and any other relief this court deems fair in just.

### COUNT II – FIRST AND FIFTH AMENDMENT VIOLATIONS – 42 USC § 1983

39. The plaintiff restates and realleges as though set fully set forth herein paragraphs 1-38 of this complaint.

40. It is clearly established under the First Amendment that a police officer cannot retaliate against a private individual for protesting or questioning the actions of a police officer in the course of his duties.

41. It is clearly established under the Fifth Amendment that a police officer cannot compel a private individual in custody to speak or present information.

42. By acting as they did above the defendants violated Mr. Marshall's clearly established rights under the First and Fifth Amendments to the constitution of the United States.

43. As a right of the constitutional violations set forth above Mr. Marshall has suffered and will continue to suffer the damages set forth above.

44. These claims are actionable under 42 USC § 1983.

**WHEREFORE** the plaintiff La' Ron Marshall requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages plus punitive damages, all recoverable interest, costs, attorneys fees, and any other relief this court deems fair in just.

## COUNT III – INTENTIONAL TORTS

45. The plaintiff restates and realleges as though set fully set forth herein paragraphs 1-44 of this complaint.

46. The actions of the defendants described above constitute a false arrest, a battery and a false imprisonment.

47. As a result of the actions described above the plaintiff has suffered the damages set forth above.

**WHEREFORE** the plaintiff La' Ron Marshall requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages plus all recoverable interest, costs, attorneys fees, and any other relief this court deems fair and just.

Date: December 29, 2022                              WILLIAM F. PIPER, PLC

By: /s/ William F. Piper
William F. Piper (P38636)
Attorney for Plaintiff